Benjamin Brown
Baxter Bruce & Sullivan P.C.
P.O. Box 32819
Juneau, Alaska 99803
Telephone: (907) 789-3166
Facsimile: (907) 789-1913
Attorneys for Plaintiffs

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## FIRST JUDICIAL DISTRICT AT JUNEAU

ROSA BEJAR and CARMELO D'AMICO, )
)
        Plaintiffs, )
)
  v. )
)
SAFEWAY, INC., a Delaware corporation )
registered to do and doing business in )
Alaska, )
)  Case No. 1JU-08- 9 74 CI
        Defendant. )
)
_____ )

## COMPLAINT

Plaintiffs ROSA BEJAR ("Ms. Bejar") and CARMELO D'AMICO ("Mr. D'Amico") appear before this Court by and through counsel BAXTER BRUCE & SULLIVAN P.C. and allege the following causes of action against Defendant SAFEWAY, INC., ("Safeway").

1. Ms. Bejar and Mr. D'Amico are residents of Juneau, Alaska, and are husband and wife.

2. Safeway is, upon belief and information, a Delaware corporation registered and licensed to do business in the State of Alaska.

3. Jurisdiction and venue is proper in this Court as the amount in controversy, exclusive of costs and attorney's fees, is greater than one hundred thousand dollars

Exhibit 2
Page 1 of 6

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819 Juneau, Alaska 99803
Telephone: (907) 789-3166
Facsimile: (907) 789-1913

1   ($100,000.00) and the events giving rise to this cause of action occurred in or near

2   Juneau, Alaska.

3       4. On or about the 11th of January 2007 Ms. Bejar was preparing to fill the fuel

4   tank on her car at the gas station at the Safeway in Juneau's Mendenhall Valley. As

5   Ms. Bejar filled her car a fuel truck from Petro Marine Services was filling the gas

6   station's main holding tank.

7       5. The hose and nozzle Ms. Bejar was using began to writhe uncontrollably and

8   spurt gas onto Ms. Bejar, covering her head entirely with fuel and soaking her

9   clothing. Ms. Bejar's eyes immediately began to burn and she cried out for help.

10      6. As Ms. Bejar screamed in fright and pain she drew the attention of a by-stander,

11  later identified as Eric Masters, who noted that no one from Safeway was responding

12  to her cries for help, despite the obvious fact that Ms. Bejar's face and eyes were

13  covered – and her hair soaked – with gas.

14      7. Mr. Masters reacted to the lack of any emergency response or offer of help from

15  Safeway and chose to help on his own, taking Ms. Bejar into the gas station building,

16  where he hoped to find a means of helping Ms. Bejar rinse the gas from her eyes to

17  prevent the significant, long-term damage caused by gas exposure.

18      8. There was a single attendant in the Safeway gas station building, a young man

19  with long, dark hair, who was oblivious to Ms. Bejar's obvious physical distress; Mr.

20  Masters told the Safeway attendant that Ms. Bejar needed to rinse the gas from her

21  eyes and face or she could suffer severe chemical injuries to her eyes and skin.

22      9. The Safeway attendant stated there was no eye-wash station to which Mr.

23  Masters responded that there was, in fact, an emergency eye-wash bottle in the gas

24  station back room located behind the cash register which Ms. Bejar urgently needed to

25  access.

26      10. The Safeway attendant stated that no one was permitted in the back room so he

27  would not grant Ms. Bejar access, that she had to go to the public bathrooms inside the

28  main store, and denied that there was an eye-wash bottle in the back room.

29      11. Mr. Masters, knowing Ms. Bejar could not go to the main store on her own

30  because of her impaired sight and that her eyes and face needed to be rinsed

Page 2 of 5
*Bejar and D'Amico v. Safeway*, case No. 1JU-08 _____ CI
Complaint

Exhibit 2
Page 2 of 6

immediately to prevent damage to her eyes, told the Safeway attendant he was going to the back room because Ms. Bejar needed immediate assistance and he knew there was an eye-wash bottle.

12. Again the Safeway attendant denied the existence of an eye-wash station or bottle and only after a three- to four-minute delay was Ms. Bejar able to access the eye-wash bottle and wash the gas off her face and from her eyes.

13. At no time did the Safeway attendant attempt to provide any meaningful assistance to Ms. Bejar but instead continued to work the cash register and assist other customers with their purchases, flatly ignoring Ms. Bejar's distress and cries for help and thus causing the significant and unnecessary exacerbation of her injuries; the Safeway attendant either grossly and outrageously did not know what to do in this type of emergency or about the need for immediate assistance when a person's eyes have been exposed to gas; or, alternatively, the Safeway attendant wantonly and maliciously chose to deny there was an eye-wash station and denied that Ms. Bejar could have access to any eye wash station in the facility.

14. After initial rinsing Ms. Bejar's eyes and face desperately needed further rinsing and medical attention due to her significant exposure to gas, and again the Safeway attendant told Ms. Bejar that there was nothing he could do and she should go into the main store for medical attention. The attendant refused to call for help, refused to escort Ms. Bejar into the main store, and refused even to alert anyone in the main store to the plight of one of their customers.

15. When it became obvious that she would not receive any help from the Safeway employee at the gas station and she was told to walk to the grocery store if she needed further help, she made her own way into the main store and found an eyewash station where, some forty minutes after the initial exposure of her eyes to the caustic and toxic gas, was she able fully to rinse the gas from her eyes and face.

16. As a direct and proximate result of the negligent maintenance of the gas station's pumps and hoses Ms. Bejar's eyes and face were exposed to gas.

17. As a further direct and proximate result of the grossly reckless, extremely indifferent, and outrageous – or deliberately wanton and malicious – conduct of the

Page 3 of 5
*Bejar and D'Amico v. Safeway*, case No. 1JU-08 _____ CI
Complaint

Exhibit 2
Page 3 of 6

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819 Juneau, Alaska 99803
Telephone: (907) 789-3166
Facsimile: (907) 789-1913

Safeway gas station attendant, Ms. Bejar suffered unnecessary, prolonged damaging gas exposure to her eyes.

18.  Safeway directly and proximately caused Ms. Bejar to suffer personal injuries through its negligence and recklessness as follows:

   a.  negligently breaching its duty to maintain the gas pumps, hoses, and nozzles in a safe and operable condition through its acts and/or omissions;

   b.  negligently employing and training or failing to train, or in the alternative recklessly employing and training or failing to train, the gas station attendant to ensure his fitness to respond appropriately to exposure to gas by a customer; and,

   c.  through the acts of its employee, misrepresenting the existence of the eye-wash station and actively preventing Ms. Bejar from accessing the eye-wash station in a timely manner thus directly and proximately causing vastly more pain, suffering, emotional distress, and permanent damage to Ms. Bejar's eyes.

19.  Safeway vicariously and proximately caused Ms. Bejar personal injuries through the outrageous and indifferent conduct of its attendant in denying Ms. Bejar aid and hindering Mr. Masters in providing aid to her after she had been exposed to gas.

20.  As a direct and proximate result Safeway's negligence and recklessness and the outrageous conduct of Safeway's attendant in denying and hindering aid, Ms. Bejar sustained prolonged and protracted injuries including, but not limited to, blurred vision and chronic dryness, itching and irritation of her eyes, and several complicated medical conditions that require expensive ongoing treatment.

21.  As a direct and proximate result of the negligence of the Safeway and the outrageous indifference of its attendant, Mrs. Bejar and Mr. D'Amico have suffered and/or will suffer: (1) economic damages including but not limited to past and future medical expenses for diagnosis and treatment of injuries, as well as past and future loss of income, exceeding one-hundred thousand dollars ($100,000.00), the exact amount

*Bejar and D'Amico v. Safeway*, case No. 1JU-08 _____ CI
Complaint

Exhibit  2
Page  4  of  6

Case 1:08-cv-00023-JWS   Document 1-3   Filed 12/24/08   Page 4 of 6

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819 Juneau, Alaska 99803
Telephone: (907) 789-3166
Facsimile: (907) 789-1913

to be proven at trial; and, (2) non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, loss of consortium, and emotional distress in amount in excess of two hundred thousand dollars ($200,000.00), the exact amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

- For Plaintiffs' economic damages in an amount in excess of $100,000.00, the exact amount to be proven at trial;

- For Plaintiffs' non-economic damages in an amount in excess of $200,000.00, the exact amount to be proven at trial;

- For punitive damages to prevent recurrence of the grossly reckless, extremely indifferent, and outrageous – or deliberately wanton and malicious – conduct of Safeway and its employees and to send a clear message that the community will not tolerate such conduct;

- For an award of attorney's fees, costs, and pre-judgment and post-judgment interest; and,

- For such other relief as the Court deems just and equitable under the circumstances;

DATED this 19ᵗʰ day of November 2008 at Juneau, Alaska.

BAXTER BRUCE & SULLIVAN P.C.

By _____
Benjamin Brown, ABA No. 0204010
Attorneys for Plaintiffs

THIS CASE FORMALLY ASSIGNED
JUDGE PATRICIA COLLINS
BY ORDER OF THE PRESIDING JUDGE

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819 Juneau, Alaska 99803
Telephone: (907) 789-3166
Facsimile: (907) 789-1913

Page 5 of 5
*Bejar and D'Amico v. Safeway*, case No. 1JU-08 _____ CI
Complaint

Exhibit 2
Page 5 of 6

CERTIFIED MAIL

UNITED STATES POSTAGE
PITNEY BOWES
$ 009.79⁰
02 1P
0002793612 NOV 26 2008
MAILED FROM ZIP CODE 99801

7004 0550 0001 2303

BAXTER BRUCE & SULLIVAN P.C.
Professional Corporation
P.O. Box 32819
Juneau, Alaska 99803

**RESTRICTED DELIVERY**

United States Corporation Co.
Registered Agent for Safeway, Inc.
9360 Glacier Hwy., Ste. 202
Juneau AK 99801

Exhibit 2
Page 6 of 6